IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MODESTO ROBERTO MOLINA**
    Petitioner

        v.                               **CIVIL NO. 04-1828 (DRD)**

**UNITED STATES OF AMERICA**
    Respondent

**OPINION AND ORDER**

    Pending before the Court is petitioner Modesto Roberto Molina's motion *To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255 (Docket No.1). Petitioner seeks to correct his prison sentence in light of the Supreme Court's decision in *Blakely*[1], claiming that the two (2) level enhancement imposed at sentence resulted in a violation of petitioner's Sixth Amendment right, because the Court and not the Jury imposed upon him a supervisory role at sentencing.

    After referring the matter to Magistrate Judge Gustavo Gelpi, a Report and Recommendation ("R & R") was issued. (Docket No.9). In his R&R, Magistrate Judge Gelpi recommended that petitioner's § 2255 be denied for several reasons, to wit, *Booker*[2] held that the Sentencing Guidelines are now advisory and not mandatory, *Blakely* is not applicable to the collateral review of a criminal conviction, and the petitioner's sentence was the result of a plea agreement. The R & R clearly stated that petitioner had ten (10) days to file any objections thereto and that failure to object within the deadline provided would preclude further appellate review of those issues. The ten (10) day period provided by the Court has elapsed without any objections being filed and **to date, the R & R is still unopposed.** Thus, for the reasons stated below, the Court accepts and **Adopts *in toto*** the Magistrate's unopposed R & R and hereby **DENIES** the petitioner's § 2255 motion.

    A District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See *Mathews v. Weber*, 423 U.S. 261 (1976). Of course, as a general rule, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Rule 510.2(A); Fed. R. Civ. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a <u>de novo</u> determination of those portions of

---

[1] *Blakely v. Washington*, 124 S.Ct. 2531 (2004)

[2] *United States v. Booker*, 125 S. Ct. 738 (2005)

>   the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). See also *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally *United States v. Valencia*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the "R & R" have been filed in this case. Henceforth, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept **an unopposed R & R.** See *Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *García v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

The facts of this case show that on November 17, 1998, petitioner plead guilty to Count One (1) in Crim. Case 95-236 (DRD) and Count One (1) in Crim. Case 96-023 (PG) (Crim. 96-023, Docket No.399) pursuant to a government's plea offer under Rule 11(c)(1)(B) of the Fed.R.Crim.P.. In both criminal cases, Count One (1) charged petitioner Roberto Molina with conspiracy to possess with intent to distribute cocaine, a Schedule II Narcotic Drug Controlled Substance. On April 14, 1999, judgment was entered and petitioner was sentenced to a term of imprisonment of 228 months as to each case, to be served concurrently, a term of supervised release of 5 years as to each case, to be served concurrently, and a special monetary assessment of $50.00. (Crim. 96-023, Docket No.438). Under Rules 4(b)(1)(A) and 26, Fed. R. App. P., petitioner had until April 28, 1999, to file a Notice of Appeal. Petitioner failed to appeal during the statutory period nor requested a motion for extension of time pursuant to Rule 4(b)(4) Fed. R. App. P. On June 2, 1999, petitioner filed an untimely Notice of Appeal (Crim. 96-023, Docket No.465) which was dismissed by the Court of Appeals for the First Circuit for lack of jurisdiction. (Crim. 96-023, Docket No.533, 541)

The Court agrees with the R&R issued by Magistrate Judge Gelpi, furthermore, the Court

notes that petitioner's § 2255 motion is time-barred. The court explains.

A federal prisoner seeking post-conviction relief under 28 U.S.C.S § 2255 is subject to a one-year period that generally runs from the date on which the judgment of conviction becomes final. "A judgment of conviction becomes final when a habeas petitioner's time expires for filing a petition for a writ of certiorari with the United States Supreme Court contesting an appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522 (2003). Using similar reasoning, if a federal criminal defendant does not present a direct appeal, judgment becomes final upon the expiration of the period in which petitioner could have appealed to the court of appeals. *Sanchez-Castellano v. United States,* 358 F.3d 424 (6th Cir. 2004).[3]

In the case at bar, petitioner failed to present a timely notice of appeal because he had until April 28, 2000 to file a § 2255 motion.[4] Notwithstanding, the instant § 2255 petition was filed on August 12, 2004, over four years past the deadline, thus the instant motion is time-barred. Even if petitioner had been granted the 30 day extension period provided by Rule 4 (b)(4), Fed.R.App.P., the habeas petition would still be time-barred. There are three enumerated possible extension of time to the one year limitations period provided in 28 U.S.C. § 2255[5]. None apply to the facts of this case; the movant was not prevented from making the motion by governmental action, there are no new facts in support of petitioner's claim, nor has the Supreme Court recognized a new right that is applicable on collateral review.

Even though the petitioner's § 2255 motion is time-barred, the Court will evaluate the merits of the motion. Petitioner claims that his sentence was enhanced by judicial fact finding beyond that authorized by facts found by the jury or admitted by defendant, a *Blakely*-error. Specifically, petitioner claims that the Court imposed upon him a supervisory role which was neither admitted by him nor found by a jury, thus violating his Sixth Amendment Right. "*Blakely* claims are now

---

[3] "In the absence of an actual district court determination of good cause or excusable neglect, the date that corresponds best with the statutory language of 28 U.S.C.S. § 2255 and Fed. R. App. P. 4(b)(4) is 10 days after the entry of judgment." *Sanchez-Castellano v. United States,* 358 F.3d 424 at 427

[4] The Government asserts that the last available date for petitioner's §2255 is the 29th day of April 2000. Notwithstanding, it is irrelevant for purposes of calculating the applicable statute of limitations.

[5] §2255 provides that:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
(1) the date on which the judgement of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

viewed through the lens of *United States v. Booker,*" *Cirilo-Muñoz v. United States,* 404 F. 3d 527 (1st Circ. 2005). The Supreme Court addressed the constitutionality issue of the Sentencing Guidelines in *Booker*, and rather than declaring them unconstitutional, preserved their existence by declaring them advisory and no longer mandatory. Regardless, federal courts are still required to consider in advisory fashion the Sentencing Guidelines as one of the factors under 18 U.S.C. §3553 before imposing a sentence. *United States v. Booker*, 125 S. Ct. at 757. Therefore, petitioner's claim that the sentence imposed upon him violates his constitutional rights lacks merit.

Furthermore, the rights recognized in *Blakely*, *Booker,* and *Apprendi*[6] have not been made retroactively applicable to the collateral review of a criminal conviction.[7] In absence of a newly recognized right by the US Supreme Court, neither *Blakely* nor *Booker* apply to petitioner's present case.

The Court also agrees with Magistrate Judge Gelpi that petitioner's conviction and sentence were the result of a plea agreement (Crim.96-023, Docket No. 397). As part of the plea agreement, based on Sentencing Guidelines § 2D1.1 and on the quantity of cocaine attributed to the petitioner, the base offense level applicable was 38. Furthermore, the United States agreed to reduce the base offense level by three (3) levels for acceptance of responsibility under U.S.S.G. § 3E1.1. Additionally, a two (2) level increase was applicable.[8] Both the United States and Petitioner agreed that there would be no further adjustments or departures other than the ones mentioned above, and that the applicable base offense level was thirty-seven (37), which sentence range is 210 - 262 months. More so, the parties stipulated that Roberto Molina should be sentenced to 228 months of imprisonment, well within the applicable sentencing range. Hence, in light of this plea agreement, the Court agrees that petitioner has failed to demonstrate "a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of the plain error test," *United States v. Antonakopoulos*, 399 F. 3d 68, 77 (1st Cir. 2005) (citing *U.S. v. Olano*, 507 U.S. 725 (1993)) (setting the four prong test

---

[6] *Apprendi v. New Jersey,* 530 U.S. 466 (2000)

[7] *Apprendi* arguments are not retroactive on collateral proceedings nor is it to be retroactively applied (See *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000)(stating that "it is clear that the Supreme Court has not made the [Apprendi] rule retroactive to cases on collateral review)); *Blakely* and *Booker* are not retroactive. See *McReynolds v. U.S.*, 397 F.3d 479 (7th Cir. 2005)(*Booker* does not apply retroactively to criminal cases that became final before its release); *U.S. v. Fraser*, 407 F.3d 9 (1st Cir. 2005)(petitions under §2255 are unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive since this would provide an avenue to escape restrictions Congress has imposed on habeas review); *Cirilo-Muñoz v. U.S.*, 404 F.3d 527, 533 (1st Cir. 2005); Since *Apprendi* is not to be applied retroactively, comparable *Blakely*-like claims run the same fate. *Cirilo-Muñoz v. U.S.*, 404 F.3d at 533.

[8] The Court notes a discrepancy between the plea agreement and the pre-sentence investigation report (PSI). The PSI states that the "two (2) level increase is warranted pursuant to Guideline Section 3B1.1 (b) since the defendant held a supervisory role within the overall offense." (PSI.6). On the other hand the plea agreement states that states that "a two (2) level increase is warranted pursuant to the possession of a dangerous weapon (firearm) under Section 2D1.1." The Court also notes that P. 6 of the PSI was to be amended (Crim. 96-23, Docket No.437), but the transcripts of the sentencing proceedings were unavailable upon review. Petitioner filed a motion to correct inaccuracies contained in the PSI (Crim. 96-023, Docket No. 556) which was subsequently denied by the Court because a two (2) level enhancement for firearms was never applied (Crim. 96-023, Docket No.565). The Court accepted the supervisory enhancement and disregarded the weapons enhancement enabling the defendant not to be charged with the possession or use of a weapon within the conspiracy for degree of custodial dangerousness level for the purposes of the Bureau of Prisons.

for plain error review as to unpreserved *Booker* claims).

Therefore, for the reasons stated herein, the Court **Adopts** *in toto* the Magistrate's Report and Recommendation (Docket No.9) and hereby **DENIES** petitioner's *Motion to Vacate, Set Aside, or Correct criminal Sentence Pursuant to 28 U.S.C. § 2255*. (Docket No.1). Petitioner's claims are hereby **DISMISSED WITH PREJUDICE**. The case is closed for all administrative and statistical purposes. **Judgement** shall be entered.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 14th of July 2006

              **S/DANIEL R. DOMINGUEZ**
              **DANIEL R. DOMINGUEZ**
              **U.S. DISTRICT JUDGE**